STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-16-221 /

U.S. BANK NATIONAL
ASSOCIATION,

Plaintiff

v.

JOHN S. MENZ and
ELIZABETH MENZ,

Defendants

FIELDINGS OIL AND
PROPANE INC., d/b/a PINE
STATE FUELS,

Party in Interest

ORDER ON REPORT OF
NONCOMPLIANCE

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUL 25 2017
8:43 a.m.
RECEIVED

Before the court is the Foreclosure Diversion Program Mediator's Report of Noncompliance filed April 7, 2017. Hearing on the report was held on July 6, 2017. Attorney Gibbons appeared for plaintiff and Attorney Cox appeared for defendants. The attorney for the party in interest did not appear.

Background

Defendants' original promissory note and mortgage were dated June 4, 2004. (Compl. ¶¶ 6-7 & Exs. A & B; McLaughlin Aff. ¶ 6 & Exs. B, C.) The terms of the note and mortgage were modified in 2005 and 2014. (Compl. ¶ 9, Ex. D; McLaughlin Aff. ¶ 6 & Exs. D, E.) The 2014 loan modification was granted by PPH Mortgage Company as subservicer for plaintiff. (McLaughlin Aff. ¶ 10.) Because the 2014 modification increased defendants' monthly payments to a level they could not afford, defendants were in default by summer 2015. (Id. ¶ 21.)

1

Plaintiff's complaint for foreclosure was filed on June 21, 2016. The first mediation took place on September 30, 2016.[1] The mediator identified the documents to be provided by defendants. (FDP Document Submission Worksheet 1.) Plaintiff then demanded more documents, which delayed review of the modification application. (McLaughlin Aff. ¶¶ 25-27 & Ex. F.) Based on determinations made by the "Investor of [defendants'] loan," plaintiff denied defendants' request for a modification by letter dated December 30, 2016. (Id. ¶ 27 & Ex. G.) Defendants filed a notice of error and appeal dated January 14, 2017. (Id. ¶ 31 & Ex. H.)

At the second mediation on January 20, 2017, the mediator wrote, in part:

1. Review and decision on appeal by homeowner to be provided by plaintiff by Feb. 21, 16.[2]

2. Request for exception: decision in same to be provided by plaintiff by Feb. 21, 16.[3]

Following previous mediation on September 30. 16 (1st mediation), Homeowners request for modification of the loan was denied by letter on Dec. 30. 16 by plaintiff. Homeowner had filed an appeal and notice of error dated January 14th 17 on the denial, which has been received by plaintiff. Plaintiff indicated at mediation today that a response with decision would be provided within 30 days on the appeal, by February 21. 17 appeal incorporated by reference. Plaintiff's underwriter on phone today agrees to request an exception for consideration of modification with an extension of the maturity date. According to underwriter, this exception would be to plaintiff's (investor guidelines) policy of not extending maturity dates. Present loan was amortized for 20 years following change from interest only loan (see prior report). Exception response shall be provided by plaintiff within 30 days by Feb. 21. 17. Parties agree to another mediation 45 days hence. Issue of document timeliness of responses to be addressed at the next mediation.

(1/20/17 Mediation Report 2-4.) According to Kimberly McLaughlin, a housing counselor, loan modification programs have similar processes to help the borrower by reducing the monthly

---

[1] Kimberly McLaughlin discusses a June 20, 2016 mediation. (McLaughlin Aff. ¶ 22.) The file does not reflect a mediation on that date.

[2] The date should be February 21, 2017.

[3] The date should be February 21, 2017.

payment while protecting the lender. (McLaughlin Aff. ¶¶ 14-18.) Plaintiff refused to consider step two of the standard process, an extension of the term of the loan. (Id. ¶ 18.) If the term of the loan had been extended to thirty years from the original term of twenty years or if the term remained at twenty years with an amortization schedule of thirty years, the result would have been an appropriate and affordable monthly payment for defendants. (McLaughlin Aff. ¶¶ 18-20, 29-30.) Instead, the modification was reviewed based only on the remaining term of the loan. (Patterson Aff. ¶ 12 & Ex. 3.) Neither defendants nor Ms. McLaughlin has received a response from PPH regarding the request to the investor to approve a term extension. (McLaughlin Aff. ¶¶ 34, 38.)

By letter dated January 24, 2017, PPH again denied the modification on the same grounds. (Id. ¶ 35 & Ex. I.) Defendants filed a notice of error and appeal dated February 23, 2017 and requested copies of the investor restrictions on extending the term of the loan. (Id. ¶ 36 & Ex. J.) By letter dated April 3, 2017, PPH responded that the contracts PPH has with its clients are "proprietary" and cannot be provided to consumers. (Id. ¶ 37 & Ex. K.) According to Bernard Patterson, a certified fraud examiner and forensic accountant, and Ms. McLaughlin, these documents are not proprietary. (Patterson Aff. ¶¶ 10, 14-27; McLaughlin Aff. ¶ 39.)

Based on his review of the pooling and servicing agreement for the trust involved in this case, Mr. Patterson saw no restrictions on extending the term of the loan. (Patterson Aff. ¶¶ 22-26.) In fact, loans owned by plaintiff trust have been modified to extend the maturity date. (Id. ¶¶ 14-21 & Ex. 4.)

At the April 7, 2017 mediation, the mediator wrote, in part:

- Homeowners' stated desire is to remain in home and to obtain an extension of the maturity date of their loan and have requested modification to include amortization of 30 yrs.

3

- Homeowner first appealed with notice of error December 30th Denial by PHH [subservicer] on Jan 14. 17
- Following mediation Jan 20. 17, PHH servicing sent decision notice on Jan 24. 16[4] denying modification.
- However this denial letter does not address the servicer's promise to request an exception <u>for consideration of term extension</u> which was to be provided by Feb. 21. 16[5] to Homeowner.
- Servicer confirms at mediation that this request was denied, but homeowner was not informed
- Homeowner made a second appeal on Feb. 23. 17 requesting that servicer provide previous figures used in review and basis of the decision of denial.
- March 10 for servicer stating that the matter would be investigated
- At mediation today servicer states that a letter (24 pages) was generated on April 3rd. 17 – addressing Borrower's letters of appeal and notice of error dated Feb. 23. 17 and Jan 14. 17
- Homeowner has not received April 3rd letter prior to mediation.
- Homeowners desire to keep matter in mediation until they have an opportunity to review this letter, plaintiff objects.
- Homeowner states that there is public documentation that supports that other loans in this pool of loans (Trust) have been extended.
- Servicer provided this documentation to investor and investor denied after review of same. Another mediation is requested for a mid morning soon.
- There is an issue of untimely responses from Servicer to Homeowner that were made in prior mediation. See Report dated Jan. 20. 17 where homeowner was not reviewed. Servicer stated at mediation that this request was not made internally to Wells Fargo [master servicer] until Feb. 21. 17.

(4/7/17 Mediation Report 4-5.)

In the report of noncompliance, filed with the mediation report on April 7, 2017, the mediator wrote, in part:

> Servicer failed to perform as promised in (p. 2 of 4) prior mediation without a response or attempt to obtain an extension of maturity date of loan. Did not pursue exception in timely manner.

(Report of Noncompliance 1.)

---

[4] The date should be January 24, 2017.
[5] The date should be February 21, 2017.

4

<u>Discussion</u>

Plaintiff argues that the trust documents, which PHH refused to provide, preclude a term extension. (Pl.'s Response to Report of Noncompliance 3.) Plaintiff admits it did not send a letter to defendants by February 21, 2017 with regard to a decision on their request for exemption. (<u>Id.</u> 4.) Based on plaintiff's narrow reading of what it was expected to do after the January 20, 2017 mediation, plaintiff contends that because it informed defendants that their appeal was denied, a decision on the request for exemption would have been duplicative and, accordingly, defendants were not prejudiced. (<u>Id.</u> 4-5.) Plaintiff also "submits that it and its servicer have acted in good faith throughout the mediation process by conducting timely reviews of Defendants' financials in an effort to offer a loan modification." (<u>Id.</u> 5.)

The parties are required to analyze an application for a loan modification according to "calculations, assumptions and forms that are established by the Federal Deposit Insurance Corporation." 14 M.R.S. § 6321-A(3) (2016). Based on plaintiff's unwavering position with regard to the investor's requirements, its refusal to provide requested documents identifying those requirements, and its refusal to describe the circumstances and results of plaintiff's efforts to comply with the mediator's directive to request an exception, it is unlikely the mediator will be able to certify the parties completed the required FDIC loan modification analysis. 14 M.R.S. § 6321-A(13). The parties are required to mediate in good faith. 14 M.R.S. § 6321-A(12).

The court requires additional information to determine whether plaintiff made a good faith effort to mediate or whether sanctions are appropriate. 14 M.R.S. 6321-A(12); M.R. Civ. P. 93(j); <u>see</u> <u>HSBC Bank USA v. Ralph and Paula Bowie</u>, No. RE-09-080 (Me. Dist. Ct., York, March 3, 2011) at 4. The Report of Noncompliance will be scheduled for a second hearing; the clerk will send notice. At the hearing, plaintiff will have an opportunity to respond to

5

defendants' exhibits 1 and 2. Through a witness or witnesses with personal knowledge and other relevant evidence, plaintiff will show its efforts to comply with "the servicer's promise to request an exception for consideration of term extension." (4/7/17 Foreclosure Diversion Program Mediator Report 4.) Plaintiff will produce a copy of the investor guidelines and all other documents on which it relies to argue that the term of defendants' loan cannot be extended. Plaintiff will also produce documents that are relevant to whether the guidelines may be waived. Finally, through a witness or witnesses with personal knowledge and other relevant evidence, plaintiff will show what distinguishes defendants' loan from those in plaintiff trust that were modified with an extended maturity date. (Patterson Aff. ¶¶ 17-21 & Ex. 4.)

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date: July 24, 2017

Nancy Mills
Justice, Superior Court